IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**OLDEN TERRY, III**                                                                                **PETITIONER**

**V.**                                           **CIVIL ACTION NO. 3:17CV697 TSL-LRA**

**WARDEN, FEDERAL CORRECTIONAL
COMPLEX (LOW), YAZOO CITY, MISSISSIPPI**                     **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a petition for relief under 28 U.S.C. § 2241, filed by Petitioner Olden Terry, III. Terry is currently incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, and seeks to utilize the savings clause of 28 U.S.C. § 2355(e) to challenge the legality of a sentence imposed by the United States District Court for the Eastern District of North Carolina. Because sentencing challenges do not fall within the scope of the savings clause of § 2255(e), the undersigned recommends that the petition be dismissed, with prejudice, for lack of jurisdiction.

Petitioner pleaded guilty to possession with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking offense. Because of a prior felony drug conviction, he was sentenced as a career offender to an enhanced sentence of 295 months of imprisonment. *United States v. Terry*, No. 7:12-CR-36-BO-1 (E.D. N.C. Feb. 7, 2013). His post-conviction challenges to his conviction and sentence (including

§ 2255 motions) were subsequently denied,[1] and he now seeks relief under § 2241 via the savings clause of 28 U.S.C. § 2255(e).  Relying on *Mathis v. United States*, ⸺ U.S. ⸺, 136 S. Ct. 2243, 195 L.Ed.2d 604 (2016), and *United States v. Hinkle*, 832 F.3d 569 (2016), Terry argues that his sentencing enhancement has been invalidated.  He requests that this Court "remand, correct and resentence [him] without the Career-Criminal Sentencing Guideline enhancement under 4B1.1. . . ."[2]  Because this Court lacks jurisdiction to review Terry's challenges to sentence enhancements, the petition should be dismissed.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct.  *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yuseff*, 218 F. 3d 448, 451 (5th Cir. 2000)).  A § 2255 petition is "the primary means of collaterally attacking a federal sentence," and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration.  *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted).  However, if a prisoner can show that the § 2255 remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of § 2255.  *See Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255).  To invoke this exception, a petitioner must make a two-prong showing: (i) that his claim is

---

[1] ECF No.  9-1—9-5.

[2] ECF No. 1., p. 8.

"based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense;" and, (ii) that his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States,* 243 F.3d 893 at 904.

No such showing has been made here. Petitioner has not satisfied the first prong. He has not identified a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. *In re Lott*, 838 F. 3d 522, 523 (5th Cir. 2016) (indicating *Mathis* is not retroactively applicable to cases on collateral review because *Mathis* did not announce a new rule of constitutional law); *United States v. Hinkle*, 832 F.3d 569 (2016) (addressing whether Texas statute for possession with intent to distribute qualifies as a controlled substance offense for purposes of a career-offender enhancement). Terry's challenge is to the validity of his sentencing enhancement. However, the Fifth Circuit has "repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)." *Vallery v. Johnson*, 2019 WL 4619745, at *1 (5th Cir. Sept. 23, 2019); *see also In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241"). Although Petitioner's post-conviction challenges have been unsuccessful, he cannot rely on § 2241 to avoid the procedural bars of § 2255. Neither a prior unsuccessful § 2255 motion, nor the inability

3

to meet AEDPA's second or successive requirement, renders § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Because Terry fails to make the requisite showing to bring his claims within the savings clause of 2255(e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction, and any all other pending motions be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on December 19, 2019.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
